NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3036

DAVID M. GUEL, SR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

David M. Guel, Sr., of Cibolo, Texas, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief was B. Chad Bungard, General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3036

DAVID M. GUEL, SR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752080221-I-1.

_____

DECIDED: May 20, 2009

_____

Before GAJARSA, PLAGER, and LINN, Circuit Judges.

PER CURIAM.

David M. Guel, Sr. petitions for review of the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal as untimely filed. Guel v. Dep't of the Air Force, MSPB Docket No. DA-0752-08-0221-I-1 (Final Order, September 5, 2008). Because the Board did not abuse its discretion in dismissing the appeal, we affirm.

BACKGROUND

For twenty-two years, Mr. Guel was employed with the Department of the Air Force ("the Air Force") as a Sheet Metal Mechanic. In November of 2001, the Air Force proposed to remove Mr. Guel from his position, accusing him of "failure to follow security practices" and "loafing while on duty." On the same day, Mr. Guel entered into a Last Chance Agreement ("LCA") that provided him with a two year probationary period in exchange for an agreement that he would "maintain satisfactory punctuality, attendance, good work habits, conduct, and performance acceptable to management." Mr. Guel also agreed to "withdraw and waive any and all present grievances, [Equal Employment Opportunity] complaints, and appeals against management." Moreover, Mr. Guel agreed that he "may have appeal rights to the [Board]" and that he would "waive these rights during the 24 month probationary period."

On June 28, 2002, Mr. Guel received a Notice of Removal from the Air Force. The notice alleged that Mr. Guel had left his vehicle "unsecured with the keys in the ignition" in violation of the LCA. Mr. Guel, with the assistance of his attorney, filed a formal Equal Employment Opportunity ("EEO") complaint with the Equal Employment Opportunity Commission ("EEOC"), asserting that his removal was the result of discrimination based on his age, national origin, and disability. In October of 2003, the EEOC concluded that the Air Force did not discriminate against Mr. Guel. The decision became final on November 29, 2003.

Mr. Guel appealed his removal to the Board in February of 2008. Mr. Guel alleged that the LCA was invalid because he had received a "fully satisfactory" evaluation from his supervisor after the date of the LCA, and because "an investigation

was not initiated until three weeks after the termination action," rather than prior to the disciplinary action. Because the appeal was received six years after Mr. Guel's removal, the Board ordered him to show good cause for the delay. Mr. Guel replied that he was advised by his supervisor and his union representative that he was not entitled to review by the Board. In March, Mr. Guel submitted an amendment to his reply, clarifying that the LCA misrepresented his appeal rights to the Board by leading him to believe "that his appeal rights were available in the future."

In June of 2008, the Administrative Judge ("AJ") dismissed Mr. Guel's appeal as untimely filed after considering Mr. Guel's initial response, as well as his amended response to the Order to Show Cause. The AJ determined that the appeal was in fact untimely filed, and Mr. Guel had not shown good cause for the delay. Specifically, the AJ determined that "[h]ad the appellant and/or his attorney exercised due diligence, they would have found that he could appeal his removal to the Board, despite the LCA, if he did not violate the LCA, if the agency acted in bad faith, or if he did not voluntarily and freely enter into the agreement."

The Board's decision became final on November 24, 2008. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of a decision by the Board is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

An appeal from an agency's adverse action must by filed with the Board "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). When the party first timely files a formal complaint of discrimination with the agency, "[a]n appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue." 5 C.F.R. § 1201.154(b)(1). If the party files an appeal with the Board outside this specified time, the appeal "will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c).

We agree that Mr. Guel's appeal was untimely filed. Mr. Guel first timely filed a formal complaint of discrimination with the Air Force, and the decision from that complaint became final on November 29, 2003. Thus, Mr. Guel should have filed an appeal by December 29, 2003. Because his appeal was received by the Board on February 4, 2008, over four years later, his appeal was untimely filed.

Even though we agree that Mr. Guel's appeal was untimely filed, we must still review the Board's determination that Mr. Guel did not provide good cause and thus is not entitled to a waiver of the filing. Whether Mr. Guel has shown good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992). Accordingly, "we will disturb the grant or denial of such a waiver only if

it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. (citing 5 U.S.C. § 7703(c)).

We find that the Board did not abuse its discretion in determining that Mr. Guel failed to show good cause. The Board has identified various factors that should be considered in determining whether a waiver of the filing deadline for showing good cause is justified. These factors include, but are not limited to: (1) the length of the delay; (2) whether appellant was notified or otherwise aware of the time limit; (3) the "existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits"; and (4) "the degree to which negligence by the appellant has been shown." Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). It is well settled that "a person is bound by the consequences of his representative's conduct," and we have previously upheld the Board's denial of waiver when the delay was caused by an attorney's negligence. Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 436 (Fed. Cir. 1986).

The AJ considered those factors in determining that Mr. Guel did not show good cause for the delay. Specifically, the AJ noted that filing an appeal four years late constituted a "significant delay." Further, the AJ noted that Mr. Guel's LCA indicated that he has the right to appeal to the Board. Moreover, Mr. Guel was represented by an attorney throughout the time he was able to timely file an appeal and "[h]ad the appellant and/or his attorney exercised due diligence, they would have found that he could appeal his removal to the Board." Mr. Guel does not dispute any of the factual findings relied on by the Board. Further, the Board's analysis makes clear it considered

and weighed the proper factors. Thus, we find that the Board did not abuse its discretion by denying Mr. Guel a waiver of the filing deadline.

For these reasons, the decision of the Board is affirmed.

No costs.